RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

DAVID MYERS, ISB #6528
Deputy Attorney General
GADER WREN, ISB# 12108
Assistant Solicitor General
Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
david.myers@ag.idaho.gov
gader.wren@ag.idaho.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ATLAS JONES and SOPHIE SMITH,<br><br>*Plaintiffs*,<br><br>v.<br><br>DEBBIE CRITCHFIELD, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-00413-DCN<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO FILE DECLARATION OF A.H. UNDER PSEUDONYM** |

**INTRODUCTION**

A.H. is an incoming freshman at the University of Idaho (UI). Like many students, A.H. fears retaliation from professors and fellow students for expressing her traditional views. Such retaliation could very likely come in multiple forms, including professors grading A.H.'s assignments unfairly and fellow students harassing A.H.—which could lead to A.H. withdrawing from classes or developing mental health challenges. In the Ninth Circuit, courts routinely grant requests to file under pseudonyms "to protect a person from harassment, injury, ridicule or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981).

**LEGAL STANDARD**

To determine whether anonymity is appropriate, courts engage in a balancing test: "a party [or non-party] may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). That test requires courts to consider five factors: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Doe v. Coll. of E. Idaho*, No. 4:22-CV-00482-DCN, 2023 WL 4138674, at *2 (D. Idaho June 22, 2023). "The first two factors are the most important and should be addressed together." *Id*.

**ARGUMENT**

I. **A.H. Reasonably Fears Substantial Harassment from Professors and Fellow Students.**

A.H. wants the Court to know of all perspectives related to sex-segregated restrooms. But if A.H. is not permitted to file her declaration under pseudonym, she fears harassment and retaliatory measures by professors, fellow students, and others. These fears are parallel to those

felt by Sophie Smith, who fears the consequences associated with being outed as transgender. *See generally* Dkt. 12-1.

Courts often allow parties to proceed under pseudonym "where they have a credible fear of retaliation based on broader social and political context." *Doe v. Trump*, No. 19-cv-00441-TSH, 2019 WL 13248001, at *4 (N.D. Cal. Feb. 19, 2019). As Plaintiffs have noted, courts routinely allow transgender litigants to proceed under pseudonym to protect against harassment and other retaliatory action. Dkt. 12-1 at 6. This is in large part because increased transgender-related legislation and litigation have created "a hostile political climate." *T.D.H. v. Kazi Foods of New Jersey, Inc.*, No. 5:23-cv-00634-JMG, 2023 WL 4868099, at *3 (E.D. Pa. July 31, 2023). But this hostile political climate not only negatively impacts transgender individuals but also those who hold traditional views related to transgender legislation.

Harassment against those with traditional views, who are perceived as suppressing the rights of transgender individuals, is well-documented. For instance, Riley Gains, a biological female college athlete, has been assaulted and harassed for expressing her view that transgender women should not be allowed to compete in women's sports. James Bickerton, *Riley Gaines Feared for Her Life After Speaking Out Against Lia Thomas*, NEWSWEEK (Feb. 14, 2024), https://tinyurl.com/3ze6w3mj; Jackson Thompson, *Women's Prayer Group Alleges Harassment from Pro-Trans Activists During 'Save Girls Sports' Protests*, FOX NEWS (Dec. 21, 2024), https://tinyurl.com/48kcuuw9. Harassment of this nature is the very reason why courts permit parties to proceed under pseudonym.

Here, A.H. has expressed traditional views related to restroom use that could cause her to be perceived as anti-transgender. As a result, she, like many others, could be subjected to

harassment from professors, fellow students, or trans rights supporters. Allowing her to proceed under pseudonym would reduce these credible risks of harm.

Thus, these factors favor allowing A.H. to file her declaration under pseudonym.

**II. As a College Student, A.H. Is Particularly Vulnerable to Harassment.**

It is no secret that those with traditional and conservative views fear expressing their views on campus. *See* Binkley *et. al.*, *Few Americans Say Conservatives can Speak Freely on College Campuses, an AP-NORC/UChicago Poll Shows*, Associated Press (Oct. 2, 2023), https://tinyurl.com/ywpfp22d; *FIRE SURVEY: Only 20% of University Faculty Say a Conservative Would Fit in Well in Their Department*, FIRE (Dec. 12, 2024), https://tinyurl.com/3xnkf3ph. So, it comes as no surprise that those with traditional views are commonly harassed or attacked on some college campuses. Danielle Wallace, *Black Conservative Student Testifies on Harassment at Iowa Campus, Says College 'Empowering' Leftist Threats*, Fox News (Nov. 8, 2023) https://tinyurl.com/2k88jt8k; Jennifer Kabbany, *These 8 Conservative College Students were Bullied for Their Beliefs*, The College Fix (Sept. 23, 2015), https://tinyurl.com/4eactnbf.

As an incoming UI freshman, A.H. will spend a great deal of time at the UI. She will interact with fellow students and professors alike. If those fellow students, professors, or others in the community become aware that A.H. has publicly expressed her traditional view about sex-segregated restrooms, she will be particularly vulnerable to harassment.

Accordingly, this factor weighs in favor of granting leave for A.H. to file under pseudonym.

**III. Allowing A.H. to Proceed Under Pseudonym Does Not Prejudice Plaintiffs.**

A.H. is not a party to this case and allowing her to proceed under pseudonym does not prejudice Plaintiffs. Unlike the need for parties to know the identity of one another, to test the allegations and defenses raised, parties do not need to know the identity of non-parties for the same

purpose. Moreover, the information contained in A.H.'s declaration does not present any unreliable information and much of the information contained therein is verified by other declarants whose identities are known. Thus, this factor favors allowing A.H. to file under pseudonym.

**IV. The Public Has Little Interest in Knowing A.H.'s Identity.**

While the public has an interest in open judicial proceedings, "[a]nonymity . . . does not . . . threaten the principle of open courts," particularly where, "[t]he great bulk of [a] case will be on the public record," including "[t]he basic facts of . . . the defendants' challenged conduct, the court's reasoning, and the resulting interplay of those things." *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 996 (N.D. Cal. 2015). Nor does the public need to know the identity of a nonparty to understand the issues present in a given case.

Here, the bulk of this case will be public record, and the public does not need to know A.H.'s identity to understand the issues of this case. Accordingly, this factor favors permitting A.H. to file under pseudonym.

## Conclusion

As each of the required factors weighs in favor of allowing A.H. to file under pseudonym, this Court should grant Defendants' motion.

DATED: August 8, 2025

        STATE OF IDAHO
        OFFICE OF THE ATTORNEY GENERAL

        /s/ *James E. M. Craig*
        James E. M. Craig
        Division Chief
        Civil Litigation and Constitutional Defense

        *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY THAT on August 8, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Samuel L. Linnet<br>sam@alturaslawgroup.com | Avery P. Hitchcock<br>avery.hitchcock@mto.com |
| Christina S. Paek<br>cpaek@lambdalegal.org | Jacob Max Rosen<br>max.rosen@mto.com |
| Kell L. Olson<br>kolson@labdalegal.org | Jimmy Biblarz<br>jimmy.biblarz@mto.com |
| Peter C. Renn<br>prenn@lambdalegal.org | Katherine M. Forster<br>katherine.forster@mto.com |
| Tara L. Borelli<br>tborelli@lamdalegal.org | Nicholas Sidney<br>nick.sidney@mto.com |
| Paul Martin<br>paul.martin@mto.com | Robyn K. Bacon<br>robyn.bacom@mto.com |
| Pelecanos<br>pelecanos@lambdalegal.org | Abigail K. Bessler<br>abigail.bessler@mto.com |
| *Counsel for Plaintiffs* | Elizabeth Anastasi<br>Elizabeth.anastasi@mto.com |
| | *Counsel for Plaintiffs* |

            /s/ *James E. M. Craig*