UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ATLAS JONES and SOPHIE SMITH,<br><br>    Plaintiffs,<br><br>v.<br><br>DEBBIE CRITCHFIELD, in her official capacity as Idaho State Superintendent of Public Instruction, et. al.,<br><br>    Defendants. | Case No. 1:25-cv-00413-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiffs Altas Jones and Sophie Smith's Motion for Injunction Pending Appeal. Dkt. 44. Defendants oppose the Motion. Dkt. 46.

Because oral argument would not significantly aid its decision-making process, the Court will decide the motion on the briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES Plaintiffs' Motion for Injunction Pending Appeal.

## II. BACKGROUND

On July 25, 2025, Plaintiffs filed suit alleging Idaho House Bill 264 ("H.B. 264") is unconstitutional on its face and as applied to them because it violates their rights under the Fourteenth Amendment, as well as Title VII and Title IX of the Civil Rights Act of 1964. *See generally* Dkt. 1, at 21–28. H.B. 264 requires, among other things, that all multi-occupancy restrooms in Idaho's universities be designated "male," or "female," and must

only be used by members of "that sex." Idaho Code § 67-9802(2).

Alongside their complaint, Plaintiffs filed a Motion for Preliminary Injunction seeking that the Court enjoin enforcement of H.B. 264—just for the two of them and just as applied to restrooms—during the pendency of this lawsuit. Dkt. 11. The Court expedited briefing on the matter (Dkt. 17) and held a hearing on August 15, 2025 (Dkt. 38).

On August 23, 2025, the Court denied Plaintiffs' Motion for Preliminary Injunction. Dkt. 39. The Court held Plaintiffs "failed to meet their burden to obtain preliminary injunctive relief" and were not likely to prevail on their equal protection claim because "Defendants have outlined that H.B. 264 is substantially related to its interest in protecting the privacy of the sexes—*even as applied specifically to Plaintiffs*." Dkt. 39, at 28–29. The Court also held "Plaintiffs' Title IX claim and Jones's Title VII claim [were] equally suspect." *Id*. at 29. Finally, the Court determined the remaining preliminary injunction factors were roughly even, and that any harm could be "mitigated by the accommodation of the single-occupancy restrooms required under the statute." *Id*.

On August 25, 2025, Plaintiffs appealed. Dkt. 40.

On August 27, 2025, Plaintiffs filed a Motion for Injunction Pending Appeal. Dkt. 44. Because the Court begins a month-long criminal jury trial in a matter of days, it requested an expedited response from the Government. Dkt. 45.

The Government responded in opposition (Dkt. 46) and the matter is ripe for adjudication.[1]

---

[1] The Court did not invite a reply brief from Plaintiffs and will forgo the same due to time constraints and because it's decision would not be aided by further briefing.

MEMORANDUM DECISION AND ORDER – 2

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 62(d), a District Court is vested with discretion to grant an injunction pending appeal to preserve the status quo. *See e.g. Mecinas v. Hobbs*, 2020 WL 13865449, at *2 (D. Ariz. July 10, 2020). The Rule states:

> While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

Fed. R. Civ. P. 62(d).

"Although a notice of appeal will ordinarily divest a district court of jurisdiction over the matters being appealed, the district court 'retains jurisdiction during the pendency of an appeal to act to preserve the status quo.'" *Kollenburn v. Cnty. of Clackamas*, 2021 WL 1842148, at *2 (D. Or. Mar. 16, 2021) (quoting *Nat. Res. Def. Council, Inc. v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001)).

Additionally, the Federal Rules of Appellate Procedure provide that a party may request a stay or seek an injunction during the pendency of an appeal of a district court order. Fed. R. App. P. 8. Rule 8(a)(1) requires that the party seeking relief move first in the district court for an injunction before seeking relief from the court of appeals, Fed. R. App. P. 8(a)(1), unless the party seeking relief shows that "moving first in the district court would be impracticable." Fed. R. App. P. 8(a)(2)(A)(i).

"It is well established that the standard for issuance of an injunction pending appeal is the same as the standard for issuance of a preliminary injunction." *All. for the Wild Rockies v. Brazell*, 2014 WL 3732649, at *1 (D. Idaho July 25, 2014); *see also Reclaim*

*Idaho v. Little*, 2020 WL 8254279, at *1 (D. Idaho June 29, 2020) ("A stay pending appeal overlaps with the function of a preliminary injunction—each prevents some action before the legality of that action has been conclusively determined.") (cleaned up).

A party seeking an injunction of the district court's order pending appeal must establish that: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20; *see also Short v. Brown*, 893 F.3d 671, 675 (9th Cir. 2018) (cleaned up).

The party seeking stay of an injunction pending appeal bears the burden of showing entitlement to a stay. The decision to grant a stay pending appeal is discretionary and should be evaluated based on "the circumstances of the particular case." *Washington v. Trump*, 847 F.3d 1151, 1164 (9th Cir. 2017) (cleaned up).

### IV. ANALYSIS

Counsel is aware of the Court's concerns surrounding injunctions pending appeal because the same attorneys just went through this exercise in a related case. *See Sexuality & Gender All. v. Critchfield*, 2025 WL 2325628, at *2 (D. Idaho Aug. 12, 2025). In sum, the Court finds it awkward to look for a likelihood of success on the merits of Plaintiffs' claims after having just found no likelihood of success exists.

Nevertheless, the Court recognizes this is not only a procedural step Plaintiffs must take before seeking an injunction from the Ninth Circuit, but having the District Court address the matter first plays an important substantive role in the efficient administration

of justice.[2]

In this case, the Court finds an injunction pending appeal is not warranted. Plaintiffs arguments in their present motion mirror those previously before the Court. They clearly disagree with the Court's analysis, but they do not present any new or expanded caselaw or arguments that merit a departure from the Court's prior reasoning and analysis.[3]

As outlined in the Court's decision, Plaintiffs are unlikely to succeed on their Equal Protection claim because H.B. 264's sex-segregated model for restrooms is "substantially related to the State's valid interest in protecting [] privacy . . . *even as applied to Jones and Smith.*" Dkt. 39, at 15. The Court scrutinized and explained why the State's rational applied both broadly and as-applied to these individual Plaintiffs. *Id*. at 15–21.

Consistent with its prior holding in *Roe v. Critchfield,* the Court next determined Plaintiffs were unlikely to succeed on their Title IX claim because Title IX permits sex-segregated restrooms. 2023 WL 6690596, *15 (D. Idaho Oct. 12, 2023). The Court noted that, in the alternative, the Ninth Circuit's holding in the *Roe* appeal regarding the Spending Clause also doomed Plaintiffs' Title IX claim. *See Roe v. Critchfield,* 137 F.4th 912, 929 (9th Cir. 2025).

Finally, the Court held Jones was unlikely to succeed on his Title VII claim because

---

[2] To be sure, the Court has granted injunctions pending appeal before when it felt such relief was warranted. *See, e.g., Courthouse News Serv. v. Omundson,* 2024 WL 5136925, at *6 (D. Idaho Dec. 17, 2024).

[3] Plaintiffs mention one sentence from a footnote of the Court's decision they found "confusing." Dkt. 44-1, at 4 n.1 (referencing Dkt. 39, at 15 n.13). The Court does not know exactly which sentence Plaintiffs are concerned about. Regardless, the point of footnote 13 was simply to illustrate these are tough decisions, the Court recognizes that, and sometimes laws draw distinctions that are advantageous to some people and disadvantages to other people but that is part of living in a pluralistic society.

MEMORANDUM DECISION AND ORDER – 5

it is not clear Title VII and/or the Supreme Court's decision *Bostock v. Clayton Cnty.*, 590 U.S. 644, 681 (2020) forbids sex-segregated restrooms.

As to the remaining factors, the Court found the scales were essentially even as both sides highlighted harms, and public interest could support either party. Specifically as to harm, however, the Court found Plaintiffs had not identified any *irreparable* harm because H.B. 264 mandates that universities provide an alternative accommodation (such as a single-occupancy restroom) for anyone who is unable or unwilling to use a multi-occupancy restroom. Idaho Code § 67-9802(6)(a)(i).

This area of law is still developing. The Court noted in its decision that the "ground is currently shifting on these questions [i.e., suspect classifications and levels of scrutiny]" (Dkt. 39, at 12), and that some of the arguments are "novel" (*Id*. at 26). Nevertheless, even with interesting or developing areas of law involved, it was then, and remains now, Plaintiffs' burden to make a "a clear showing that [they are] entitled to [] relief." *Winter*, 555 U.S. at 22.

The Court maintains the same opinion pertaining to Plaintiffs' request for a preliminary injunction at this time as it outlined in its decision. Plaintiffs have not met their burden for an injunction pending appeal because they are unlikely to succeed on their claims and there is an accommodation they can use during the pendency of this litigation.

## V. CONCLUSION

The Court took an individualized, as-applied look at Plaintiffs' claims. It undertook a thorough legal analysis and found their claims did not warrant *injunctive* relief. The Court's decision was not a final determination on the merits. The Court simply found that,

on the current record, Plaintiffs were unlikely to succeed, and, as a result, injunctive relief was not warranted.

The same is true today. Because the Court does not find it likely Plaintiffs will succeed on appeal, the Court will not enjoin its order pending Plaintiffs' appeal.

## VI. ORDER

1. Plaintiffs' Motion for Injunction Pending Appeal (Dkt. 44) is DENIED.

DATED: August 29, 2025

_____
David C. Nye
Chief U.S. District Court Judge