UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ATLAS JONES and SOPHIE SMITH,<br><br>    Plaintiffs,<br><br>v.<br><br>DEBBIE CRITCHFIELD, in her official capacity as Idaho State Superintendent of Public Instruction, et. al.,<br><br>    Defendants. | Case No. 1:25-cv-00413-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiffs Atlas Jones and Sophie Smith's Motion to Stay. Dkt. 52. Plaintiffs seek to stay briefing on Defendants' recently filed Motion to Dismiss (Dkt. 49) pending resolution of their appeal of the Court's denial of their Motion for Preliminary Injunction. Upon review, and for the reasons set forth below, the Court GRANTS the Motion to Stay and holds briefing on Defendants' Motion in abeyance for the time being.

## II. BACKGROUND

On July 25, 2025, Plaintiffs filed suit alleging Idaho House Bill 264 ("H.B. 264") is unconstitutional on its face and as applied to them because it violates their rights under the Fourteenth Amendment, as well as Title VII and Title IX of the Civil Rights Act of 1964. *See generally* Dkt. 1, at 21–28. H.B. 264 requires, among other things, that all multi-occupancy restrooms in Idaho's universities be designated "male," or "female," and must only be used by members of "that sex." Idaho Code § 67-9802(2).

Alongside their complaint, Plaintiffs filed a Motion for Preliminary Injunction

asking the Court to enjoin enforcement of H.B. 264 as applied to them during the pendency of this lawsuit. Dkt. 11.

After a hearing, the Court denied Plaintiffs' Motion for Preliminary Injunction. Dkt. 39. The Court held Plaintiffs "failed to meet their burden to obtain preliminary injunctive relief" and were not likely to prevail on their equal protection claim because "Defendants have outlined that H.B. 264 is substantially related to its interest in protecting the privacy of the sexes—*even as applied specifically to Plaintiffs*." Dkt. 39, at 28–29.

Plaintiffs appealed (Dkt. 40) and filed a Motion for Injunction Pending Appeal (Dkt. 44). The Court denied the Motion. Dkt. 47. Plaintiffs then filed a Motion for Injunction Pending Appeal with the Ninth Circuit.

While that Motion was pending before the Circuit, Defendants filed a Motion to Dismiss. Dkt. 49. Plaintiffs sought a short extension of their response deadline to allow them an opportunity to file a formal motion to stay briefing. Dkt. 50. Defendants did not oppose the short extension, and the Court granted the same. Dkt. 51. Plaintiffs then officially moved for a stay of the briefing deadlines until the Ninth Circuit rules on the merits of their appeal. Dkt. 52.

The Ninth Circuit then denied Plaintiffs' injunction pending appeal. Dkt. 53.

Plaintiffs then realized their deadline to respond to Defendants' Motion to Dismiss based on the extension—November 7—was but one day *after* Defendants' due date to respond to their Motion to Stay—November 6—meaning the deadlines would overlap before the Court had an opportunity to rule on whether Plaintiffs' response would be required or stayed. The Court and counsel discussed the matter informally. The Court asked

MEMORANDUM DECISION AND ORDER – 2

Defendants to respond sooner than the deadline and also elected to forgo any reply from Plaintiffs. Dkt. 54. The Court also indicated Plaintiffs did not need to file their response to Defendants' Motion to Dismiss until the Court ruled on the Motion to Stay. *Id*.

Defendants filed their opposition (Dkt. 55) and the matter is ripe for adjudication.

### III. LEGAL STANDARD

A federal court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-707 (1997) (citing *Landis v. N. Am Co.*, 299 U.S. 248, 254 (1936)). Courts in the Ninth Circuit have identified three non-exclusive factors when deciding whether to stay *an entire case*: "(1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024) (cleaned up).

Here, Plaintiffs do not seek to stay the entire case, but merely to stay briefing on Defendants' Motion to Dismiss. That said, the above factors are a helpful benchmark for the Court.

### IV. ANALYSIS

Plaintiffs argue, among other things, they will needlessly expend resources responding to Defendants' Motion to Dismiss at this stage when the Ninth Circuit may very well resolve—or at least clarify—some of the relevant issues as part of the current appeal. They posture there is no prejudice to waiting.

Defendants counter there is no reason to stay briefing on their Motion to Dismiss

MEMORANDUM DECISION AND ORDER – 3

because resolving their motion furthers resolution of this case and waiting for the Circuit could prove to be a significant delay. They aver there is no prejudice to moving forward.

The Court appreciates both perspectives. However, on balance, the Court finds it more economical and orderly to stay briefing on Defendants' Motion.

First, a significant portion of Defendants' Motion to Dismiss is based upon *Skrmetti*.[1] The Court has already stated it does not currently share Defendants same level of confidence about the applicability of *Skrmetti* in this case (and a related case). Dkt. 39, at 12; *see also SAGA v. Critchfield,* 2025 WL 2256884, at *5–*6 (D. Idaho Aug. 7, 2025). The Court would be hesitant to go down that path at this stage when further guidance from the Ninth Circuit—and hopefully the Supreme Court—is forthcoming.

Second, the Court is cognizant of its own docket. While the Court tries to move as quickly and expeditiously as possible in all cases—and moves cases with injunctive requests to the front of the line when necessary—the reality is the undersigned currently presides over 425 civil and criminal cases and has roughly 200 pending motions. Thus, the resolution of a non-time-sensitive motion to dismiss could be some time away. There is, therefore, no significant harm in waiting for the Ninth Circuit when the Court likely cannot adjudicate the matter in the short term.

The downside, of course, is this case is essentially stalled. But from Defendants' perspective, this should be a minimal concern. The Court did not grant Plaintiffs' Motion for Preliminary Injunction and neither has the Ninth Circuit. Thus, H.B. 264 is in full force

---

[1] *United States v. Skrmetti*, 145 S. Ct. 1816 (2025).

MEMORANDUM DECISION AND ORDER – 4

and effect.[2]

The Court strives to adhere to Rule 1 and its mandate to ensure the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Upon review, the Court finds the best way to accomplish that goal is to stay briefing on Defendants' Motion to Dismiss.

## V. CONCLUSION

Weighing the Parties' arguments, the Court finds that because the legal landscape is changing on these important issues and further, that no prejudice will result from a stay, it is best to stay briefing on Defendant's Motion to Dismiss at this time. If the posture of this case (or applicable caselaw) materially changes, either side may file a motion to lift the stay, and the Court will decide the matter at that time.

## VI. ORDER

1. Plaintiffs' Motion to Stay Briefing (Dkt. 52) is GRANTED. Briefing on Defendants' Motion to Dismiss is stayed until further notice.

DATED: November 6, 2025

_____
David C. Nye
Chief U.S. District Court Judge

---

[2] If the Court were to move forward and deny Defendants' Motion to Dismiss, the parties could *potentially* engage in discovery. However, the parties may ask to stay discovery pending the Ninth Circuit's ruling all the same. And if the Court were to grant the Motion to Dismiss, the case would be closed. But then Defendants might ask the Ninth Circuit to dismiss the appeal on mootness grounds which, as the Court recently noted, raises the specter of gamesmanship. *See Hecox v. Little*, 2025 WL 2917023, at *5 (D. Idaho Oct. 14, 2025). Given the various possible outcomes of ruling now, it is better to take a wait and see approach at this juncture.