UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ATLAS JONES and SOPHIE SMITH,<br><br>　　　Plaintiffs,<br><br>v.<br><br>DEBBIE CRITCHFIELD, in her official capacity as Idaho State Superintendent of Public Instruction, et. al.,<br><br>　　　Defendants. | Case No. 1:25-cv-00413-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiffs Altas Jones and Sophie Smith's Second Motion for Preliminary Injunction Pending Appeal. Dkt. 58. Defendants oppose the Motion. Dkt. 62.

Upon review, and for the reasons set forth below, the Court DENIES Plaintiffs' Motion.[1]

## II. BACKGROUND

On July 25, 2025, Plaintiffs filed suit alleging Idaho House Bill 264 ("H.B. 264") is unconstitutional on its face and as applied to them because it violates their rights under the Fourteenth Amendment, as well as Title VII and Title IX of the Civil Rights Act of 1964.

---

[1] The Court finds the facts and legal arguments are adequately presented and will decide the Motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(e)(1)(B).

*See generally* Dkt. 1, at 21–28. H.B. 264 requires, among other things, that all multi-occupancy restrooms in Idaho's universities be designated "male," or "female," and must only be used by members of "that sex." Idaho Code § 67-9802(2).

Plaintiffs filed a Motion for Preliminary Injunction asking the Court to enjoin enforcement of H.B. 264—just for the two of them and just as applied to restrooms—during the pendency of this lawsuit. Dkt. 11.

After briefing and oral argument, the Court denied Plaintiffs' Motion for Preliminary Injunction. Dkt. 39. The Court held Plaintiffs "failed to meet their burden to obtain preliminary injunctive relief" and that they were not likely to prevail on their equal protection claim because "Defendants have outlined that H.B. 264 is substantially related to its interest in protecting the privacy of the sexes—*even as applied specifically to Plaintiffs*." Dkt. 39, at 28–29. The Court also held "Plaintiffs' Title IX claim and Jones's Title VII claim [were] equally suspect." *Id*. at 29. Finally, the Court determined the remaining preliminary injunction factors were roughly even, but specifically found that any potential harm from H.B. 264's implementation could be "mitigated by the accommodation of the single-occupancy restrooms required under the statute." *Id*.

On August 25, 2025, Plaintiffs appealed. Dkt. 40.

On August 27, 2025, Plaintiffs filed a Motion for Injunction Pending Appeal. Dkt. 44. The Court denied that Motion. Dkt. 47.

Plaintiffs then filed a similar motion with the Ninth Circuit. The Ninth Circuit denied Plaintiffs' request as well. Dkt. 53. Relevant here, the Ninth Circuit did not address or reference the merits of Plaintiffs' challenge, but instead found Plaintiffs had not carried

MEMORANDUM DECISION AND ORDER – 2

their burden because "neither Plaintiff ha[d] sought a reasonable accommodation pursuant to H.B. 264." Dkt. 53, at 1. The Ninth Circuit held it could not "say that such an accommodation would fail to ameliorate Plaintiffs[]' harm" and, as a result, found Plaintiffs had not shown they were likely to suffer irreparably. *Id*. The Ninth Circuit concluded its decision was "without prejudice." *Id*. at 2.

Following the Ninth Circuit's decision, Plaintiffs both sought a reasonable accommodation from their respective universities—Boise State and University of Idaho. As for Plaintiff Jones, a plan was developed that, among other things, would excuse any absences or tardies that resulted from delays in finding appropriate restrooms, allowed for extended testing times, and converted certain multi-occupancy restrooms into single-occupancy restrooms in buildings were Jones worked or had class. As for Smith, certain accommodations were offered, but Smith deemed many unaccepted or insufficient.[2]

Plaintiffs have now renewed their motion for an injunction pending appeal, claiming they have persuasively shown that, even with an accommodation, they will suffer irreparable harm. Defendants reject the idea—on procedural and substantive grounds.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 62(d), a district court has discretion to grant an injunction pending appeal to preserve the status quo. *See, e.g.*, *Mecinas v. Hobbs*, 2020 WL 13865449, at *2 (D. Ariz. July 10, 2020). The Rule states:

> While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an

---

[2] The Court will not outline these accommodations in detail, as those details could reveal Smith's identity and are the reason the parties' briefs were filed under seal.

MEMORANDUM DECISION AND ORDER – 3

injunction on terms for bond or other terms that secure the opposing party's rights.

Fed. R. Civ. P. 62(d).

"Although a notice of appeal will ordinarily divest a district court of jurisdiction over the matters being appealed, the district court 'retains jurisdiction during the pendency of an appeal to act to preserve the status quo.'" *Kollenburn v. Cnty. of Clackamas*, 2021 WL 1842148, at *2 (D. Or. Mar. 16, 2021) (quoting *Nat. Res. Def. Council, Inc. v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001)).

"It is well established that the standard for issuance of an injunction pending appeal is the same as the standard for issuance of a preliminary injunction." *All. for the Wild Rockies v. Brazell*, 2014 WL 3732649, at *1 (D. Idaho July 25, 2014).

A party seeking an injunction pending appeal must establish that: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 20 (2008).

## IV. ANALYSIS

As a threshold matter, Defendants claim the Court lacks jurisdiction to hear Plaintiffs' Motion because the appeal in this case is still pending. To their credit, Defendants recognize the Court can—as it often does—rule on motions for injunction pending appeal; however, it postures this time is fundamentally different because the facts have changed.

Plaintiffs, for their part, contend the Court retains jurisdiction to adjudicate their

MEMORANDUM DECISION AND ORDER – 4

Motion and reference a later-filed order in the appellate record where the Ninth Circuit noted that "a renewed motion for an injunction pending appeal would require fact-finding, which falls within the district court's purview." Order, *Jones v. Critchfield*, No. 25-5413 (9th Cir. Nov. 13, 2025) Dkt. 34.1 p.2. Although the parties here are aware, it is also worth mentioning another case—*Saga v. Critchfield*, Case No. 1:23-cv-00315-DCN—in which the Ninth Circuit remanded that case to the undersigned for "limited fact-finding" prior to ruling on Plaintiffs' Motion for Injunction Pending Appeal.[3]

The Court has expressed its reservations about injunctions pending appeal in the past. *See Sexuality & Gender All. v. Critchfield*, 2025 WL 2325628, at *2 (D. Idaho Aug. 12, 2025). The Court has also expressed—hopefully with the respect intended—its discomfort in undertaking fact finding at the "preliminary" stages of litigation.[4]

From a procedural standpoint, the Court agrees with Plaintiffs that it retains jurisdiction to adjudicate this type of motion. That said, it appreciates and shares some of Defendants' concerns. Plaintiffs are asking the Court to make factual findings that *were not* before the Court previously and *could* have an impact on the pending appeal. Plaintiffs

---

[3] The Court appreciates Plaintiffs' suggestion that all they are trying to do here is be pro-active and, taking their lead from the Ninth Circuit's actions in *Saga*, wanted to give the District Court the opportunity to weigh in on the results of their requests for an accommodation. Critically, however, while the Ninth Circuit *referenced* fact-finding would be necessary for any renewed motion for an injunction, they did not actually *order* any fact finding. Ostensibly the Ninth Circuit could have so ordered; after all, it did so before. But it did not do that in this case. Like Plaintiffs, the Court is not certain whether the Ninth Circuit was softly suggesting the District Court should do some fact-finding or was just stating the obvious—that fact finding was not within its purview. Alternatively, the Ninth Circuit could have been affirmatively *rejecting* the idea of any fact-finding at this juncture by not ordering such (as they had done in *Saga*).

[4] Case in point. The Court previously chastised Plaintiffs for potentially misrepresenting whether single-user restrooms were available in the BSU library for Jones. Dkt. 39, at 27 n.27. It appears now, however, that Plaintiffs were correct and the restrooms were changed to single-user restrooms *after* this case was filed. Simply put, it is difficult for the Court to make factual findings on a limited record with limited time and when the situation is still developing.

MEMORANDUM DECISION AND ORDER – 5

appealed the Court's order on their motion for preliminary injunction. The appellate record is, therefore, confined to the Court's decision and the limited facts and evidence in the record *at that time*. Were the Court to expand the record at this stage with *substantial* factual findings, such could materially alter the substance and scope of the pending appeal.

That said, because the Court's holding today is consistent with its prior holdings, the substance and scope of the pending appeal will *not* be significantly affected. For that reason, while the Court agrees the procedural posture is a little more complicated than normal, there is no reason to avoid the issues presented on a strictly jurisdictional basis.

In sum, the Court finds it has jurisdiction to review Plaintiffs' Motion and make limited factual findings.

Thus, *to the extent the Ninth Circuit determines such is permissible and relevant*, the Court will proceed to review the factual updates provided by the parties as related to their requests for an accommodation.[5]

Having reviewed the Parties' submissions, affidavits, briefs, and supporting documents, the Court finds as follows:

1. Plaintiffs each requested an accommodation pursuant to H.B. 264.

2. Boise State University and the University of Idaho engaged in the process and provided various reasonable accommodations to both Jones and Smith.

---

[5] If the Ninth Circuit disagrees with the Court's decision to undertake these duties, these findings can be set aside. Thus, the Court's ruling here is something of an "indicative ruling." *See* Fed. R. Civ. P. 62.1. The Court is cognizant of the parties' time, the Ninth Circuit's time, and its own time. It understands fact-finding is within its purview, and it does not want to frustrate the Ninth Circuit's efforts to adjudicate the current appeal by leaving questions outstanding. Nor does it want to delay resolution of the parties' arguments on appeal by having a limited question remanded when it can make its findings now. These observations support the Court's decision to address the matters now.

MEMORANDUM DECISION AND ORDER – 6

    a. As to Jones, it appears accommodations were developed, implemented, and are acceptable.[6]

    b. As for Smith, accommodations were suggested but not all were acceptable to Smith. The process seems to have concluded without final resolution as to all issues.

3. H.B. 264 requires a "reasonable accommodation." Smith's objections boil down to her opinion that some of the suggested accommodations are inconvenient and insufficient. Reasonableness allows for a range of possible accommodations, but does not entitle anyone to their preferred accommodation. The Court appreciates a certain accommodation may not be a perfect fit from Smith's perspective. But a perfect accommodation is not required; only a reasonable one. Having reviewed the record and the briefs, the Court finds the accommodations suggested for Smith are reasonable.

4. Ultimately, the Court maintains its prior holding that "any potential harm is mitigated by the accommodation provided in H.B. 264 . . . ." Dkt. 39, at 27. Plaintiffs have, therefore, failed to demonstrate a significant question or irreparable harm.

5. The Court finds an injunction pending appeal is not warranted for all the reasons previously outlined. *See* Dkt. 47.

---

[6] Jones maintains the accommodations may, nevertheless, still lead to missed classes or other incidental harms. Jones offers no record evidence to suggest any addition harms have come to pass.

MEMORANDUM DECISION AND ORDER – 7

## V. CONCLUSION

Having considered the relevant *Winter* factors, as well as all other relevant information, the Court makes factual findings as outlined above and holds Plaintiffs have not carried their burden for an injunction pending appeal.

## VI. ORDER

1.  Plaintiffs' Second Motion for Injunction Pending Appeal (Dkt. 58) is DENIED.

DATED: July 9, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER – 8